IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                                          CASE NO. 4:90-cr-4010-WS-AK

LEONIDEZ MENDEZ-HINOJOSA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on Defendant's petition for writ of *audita querela*. Doc. 250. In 1990, Defendant was convicted of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, reentry following deportation, and possession of firearm by a prior convicted felon. Doc. 226. He was sentenced to 420 months on the drug count, 120 months on the reentry count, and 60 months on the firearm count, to run concurrently. *Id*. The conviction and sentence were affirmed on appeal. *Id*. After the passage of the AEDPA, Defendant timely sought § 2255 relief, and in a lengthy Report and Recommendation, the magistrate judge recommended that the motion be denied. *Id*. The Court adopted the R&R and denied the motion to vacate. Doc. 230. Defendant appealed, and the Court granted a certificate of appealability on two issues related to the effectiveness of trial and appellate counsel. Doc. 238. The court of appeals found "no merit in Petitioner's contentions" and affirmed. Doc. 247.

In 2005, Defendant sought leave of the court of appeals to file a second or successive motion to vacate as required by § 2255.  In his application, Defendant raised two issues which he wanted to pursue: (1) whether the Court violated his Sixth Amendment right to trial by jury by enhancing his sentence based on facts not proved to a jury beyond a reasonable doubt, and (2) whether the Court violated his Fifth Amendment due process rights when it used the preponderance of the evidence standard to enhance his sentence.  Doc. 249.  These claims were based on *United States v. Booker*, 543 U.S. 220 (2005).  The Eleventh Circuit denied the application for leave to file a second or successive motion to vacate based on the fact that the United States Supreme Court had not made *Booker* retroactive to cases on collateral review.  *Id.*

On this occasion, Defendant seeks to raise the same *Booker* issues via a petition for a writ of *audita querela*.  Doc. 250.  "*Audita querela*, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered."  *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).  Its use has been abolished in the civil context, and, in the post-conviction context, it "may not be granted when relief is cognizable under § 2255."  *Id.* at 1174-75.  Where a federal prisoner attacks his sentence as violating the United States Constitution, as in this case, "the proper avenue for relief is § 2255."  *Id.* at 1175.  Furthermore, because *Booker* does not apply to cases on collateral review, as the Eleventh Circuit advised, Defendant is not entitled to relief "however [the petition] is labeled."  *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007).  Consequently, the petition should be denied in this case.

To the extent that the petition is liberally construed as a § 2255 motion to vacate, it should be denied as an unauthorized second or successive motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's petition for writ of *audita querela*, Doc. 250, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 11th day of September, 2008.

        S/A. Kornblum
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**