IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 4:90-cr-4010-WS-GRJ

LEONIDEZ MENDEZ-HINOJOSA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

    This case is before the Court on Doc. 258, Defendant's motion to set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(4),(6), and 60(d). The motion has been referred to the undersigned for recommended disposition. For the following reasons, the undersigned recommends that the motion be denied.

    The facts underlying Defendant's conviction are summarized in earlier pleadings. *See* Doc. 251 (Report & Recommendation regarding Defendant's petition for writ of *audita querela)*. Briefly, in 1990 Defendant was convicted of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana, reentry following deportation, and possession of firearm by a prior convicted felon. Doc. 226. He was sentenced to 420 months on the drug count, 120 months on the reentry count, and 60 months on the firearm count, to run concurrently. *Id*. The conviction and sentence were affirmed on appeal. *Id*.

    After the passage of the AEDPA, Defendant timely, and unsuccessfully, sought § 2255 relief. Docs. 230 (order denying relief), 247 (affirming denial on appeal). In

2005, Defendant sought leave of the court of appeals to file a second or successive motion to vacate as required by § 2255, raising claims based on *United States v. Booker*, 543 U.S. 220 (2005). Doc. 249. The Eleventh Circuit denied the application based on the fact that the United States Supreme Court had not made *Booker* retroactive to cases on collateral review. *Id*. Defendant then sought to raise the same *Booker* issues via a petition for a writ of *audita querela*. Doc. 250. The Court denied relief in October 2008. Doc. 253.

In the instant motion, Defendant states that he is seeking relief under Rule 60 on "voidness grounds . . . because the § 2255 judgment rendered was in a manner inconsistent with due process of law that deprived petitioner of the opportunity to be heard on his ineffective assistance of appellate counsel claim," regarding a firearms enhancement for his sentence. Doc. 258. Although the motion thus facially appears to attack the earlier collateral proceeding, it is clear that Defendant in fact is attacking his underlying conviction and sentence. Defendant expressly states that his "current motion *should not be viewed as an attack on the Court's previous order. Rather it should be viewed as a motion to set aside the original judgment. . . .*" *Id*. (emphasis added). Defendant then goes on to challenge the substantive basis for the firearms enhancement to his sentence. *Id*.

Collateral attacks on the legality of a federal sentence typically must be brought under § 2255. *Darby v. Hawk–Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005). Courts must look past the label of a motion in order to determine its actual legal effect and must treat the motion according to its legal effect, rather than its formal name. *United States*

*v. Jordan*, 915 F.2d 622, 624–25 (11th Cir.1990). Rule 60(b) motions cannot be used to "evade the second or successive petition bar . . . by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir.2011) (en banc) (holding that the rule announced in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners). Therefore, when a federal prisoner seeks to "assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion preceding in his case . . . his motion is the equivalent of a second or successive motion." *Id*.

In this case, it is clear that the instant motion is the "equivalent of a second or successive motion." *Id*. Because Defendant was denied collateral relief previously under § 2255, he is barred from seeking such relief in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). There is nothing in the record that reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in the instant motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to set aside the judgment, Doc. 258, be **DENIED**.

**IN CHAMBERS** this 25th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.