IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 4:90-cr-4010-WS-GRJ

LEONIDEZ MENDEZ-HINOJOSA,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

This Court denied Defendant's Fed. R. Civ. P. 60(b) motion to set aside the judgment, Doc. 258, finding that it was the equivalent of a second or successive § 2255 motion. Because Defendant was denied collateral relief previously under § 2255, he is barred from seeking such relief in this Court absent prior certification from the Eleventh Circuit. 28 U.S.C. §§ 2255(h), 2244(b)(3). Nothing in the record reflects that Defendant has been granted leave by the Eleventh Circuit to file a second or successive motion to vacate, and thus this Court lacks the requisite authorization to entertain the claims raised in Defendant's Rule 60(b) motion. Docs. 274, 276.

Defendant filed a notice of appeal and this case is now before the Court on Defendant's motion and amended motion for leave to proceed as a pauper and motion for a certificate of appealability, which have been referred to the undersigned. Docs. 278, 282, 283.

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." *See also* Fed. R. App. P. 24(a). The Court finds that Defendant's appeal is not taken in good faith, inasmuch as Defendant has identified no nonfrivolous issue for appeal. *See* Docs. 278, 282; Fed. R. App. P. 24(a)(1) (party seeking leave to appeal *in forma pauperis* must file an affidavit claiming entitlement to redress and stating issues the party intends to present on appeal). Because the Court has certified that Defendant's appeal is not taken in good faith, the motion and amended motion for leave to appeal as a pauper, Docs. 278 and 282, should be denied.

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "[A] certificate of appealability is required for the appeal of any denial of a Rule 60(b) motion for relief from a judgment in a [28 U.S.C.] § 2254 or [28 U.S.C.] § 2255 proceeding." *Jackson v. Crosby,* 437 F.3d 1290, 1294 -1295 (11th Cir. 2006).

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the motion for a certificate of appealability, Doc. 283, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion and amended motion for leave to proceed as a pauper, Docs. 278 and 282, and the motion for a certificate of appealability, Doc. 283, should be **DENIED**.

**IN CHAMBERS** this 18th day of September 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**